**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,,<br><br>         Plaintiff,<br><br>  v.<br><br>JOSE ISAIS-CABRERA,<br><br>         Defendant.<br>                                      / | No. C 05-00149 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re:** Petition for a Writ of Habeas Corpus |

      Jose Isais-Cabrera, an inmate in the Federal Correctional Institution in Big Spring, Texas, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255. Because the court lacks jurisdiction to hear this petition pursuant to petitioner's plea agreement, which includes a waiver of plaintiff's right to bring a collateral attack under 28 U.S.C. § 2255, the court now enters the following memorandum and order dismissing the petition.

BACKGROUND

      On July 22, 2008, petitioner plead guilty in this court to violations of federal law, including possession of cocaine and heroin with intent to distribute and money laundering. Docket No. 361 (Plea Agreement) ¶ 1. Petitioner's plea agreement included the following waiver:

> I agree not to file any collateral attack on my convictions or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or other motion under 18

U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated. *Id.* at ¶ 5.

Notwithstanding this term, on July 13, 2009, Isais-Cabrera filed this petition for a writ of habeas corpus. Petitioner challenges the court's jurisdiction over the original trial, the constitutionality of 18 U.S.C. § 3231, all provisions of title 21 of the United States Code that impose any penalty and the authority of Congress under the Commerce Clause to enact laws prohibiting the sale and possession of narcotics in 21 U.S.C. § 841. Petitioner also challenges his indictment for money laundering under 18 U.S.C. § 1956 on the grounds that the indictment does not specifically allege how the transaction in question affected interstate commerce.

LEGAL STANDARD

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under Section 2255, it must "'vacate and set the judgment aside'" and then do one of four things: "'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255). The court, however:

> lack[s] jurisdiction to entertain appeals where there [is] a valid and enforceable waiver of the right to appeal. [The court] review[s] de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver. A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. *United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005) (internal citations omitted.)

DISCUSSION

In his plea agreement, Isais-Cabrera waived his right to file any collateral attack on his conviction unless based on a claim of ineffective assistance of counsel. Plea Agreement ¶ 5.

2

Because petitioner neither alleges a claim of ineffective assistance of counsel, nor alleges that the waiver was made unknowingly or involuntarily this court lacks jurisdiction to consider his petition.

Furthermore, based on the foregoing petitioner cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

CONCLUSION

For the foregoing reasons, the petition is DISMISSED and a certificate of appealability is DENIED..

IT IS SO ORDERED.

Dated: December 1, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3